IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARJORIE J. BARILONE,

    *Plaintiff,*

    v.

ONEWEST BANK, FSB, *et al.*

    *Defendants.*

Civil Action No. ELH-13-00752

## MEMORANDUM

Marjorie Barilone, the self-represented plaintiff, filed a "Complaint To Quiet Title" against OneWest Bank, FSB, d/b/a Financial Freedom (the "Bank"); FANNIE MAE[1]; "John Doe 1-10"; and "Jane Doe 1-10.[2] *See* Complaint, ECF 2. Plaintiff asserts that she holds "the Remaindement [sic] of the Life Estate" of property located on King Avenue in Baltimore County, Maryland (the "Property"), which was previously owned by her late parents, Albert and Margaret Karczmarek. *Id.* ¶ 3. In her suit, plaintiff seeks the imposition of a constructive trust

---

[1] According to defendants, "Fannie Mae" is a misnomer; the correct name is Federal National Mortgage Association ("FNMA").

[2] Plaintiff filed suit in the Circuit Court for Baltimore County on December 3, 2012. *See* Complaint, ECF 2. The corporate defendants filed a Notice of Removal (ECF 1) on March 12, 2013, asserting that, pursuant to 28 U.S.C. § 1441, the action is removable because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In particular, plaintiff is a citizen of Maryland; One West Bank is a federal savings bank with its home office in California; and FNMA is a federally charted corporation with its principal place of business in Washington, D.C. Moreover, the amount in controversy exceeds $75,000.

The caption of the Complaint reflects that plaintiff sued John and Jane Does 1 through 10, respectively. However, plaintiff asserts in the body of her Complaint that she sued "Does 1 through 100, inclusive. . . ." *See* Complaint ¶ 4. For the purpose of this Memorandum, the discrepancy is not material.

over the Property; a declaration that she is the rightful holder of title to the Property; a judgment enjoining defendants from claiming any right, title, or interest in the Property; and other relief. *Id.* at 5.

Bank and Federal National Mortgage Association have responded with a Motion to Dismiss ("Motion," ECF 10), pursuant to Fed. R. Civ. P. 12(b)(6), supported by a Memorandum ("Memo," ECF 10-1). Ms. Barilone filed an opposition to the Motion (ECF 17), and the defendants replied (ECF 18). Thereafter, Ms. Barilone filed an additional response. Surreply, ECF 23. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons set forth below, I will grant the Motion.

## Standard of Review

A motion pursuant to Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by the plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 n.3 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Id.* at 555. But, the rule demands more than bald accusations or mere speculation. *Id.*; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true)

to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. In other words, the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Iqbal*, 556 U.S. at 684; *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).

In reviewing such a motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir.), *cert. denied*, ____ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S. Ct. 1740 (2010). However, a complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly*, 550 U.S. at 555. Similarly, the defendant's motion will be granted if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citation omitted). Moreover, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe*, 579 F.3d at 385–86.

"A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy he or she seeks. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1960 (2012). "'Dismissal under

Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted); *accord Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Reg. Sys., Inc.*, 680 F.3d 1194, 1201-02 (10th Cir. 2011) ("When reviewing a 12(b)(6) dismissal, 'we must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.' Dismissal is appropriate if the law simply affords no relief.") (internal citation omitted).

A motion asserting failure of the complaint to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted), unless such a defense can be resolved on the basis of the facts alleged in the complaint. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "This principle only applies, however, if all facts necessary to the affirmative defense '*clearly appear*[ ] *on the face of the complaint*,'" or in other documents that are proper subjects of consideration under Rule 12(b)(6). *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*).

In resolving a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). In considering a challenge to the adequacy of plaintiff's pleading, however, the court may properly consider documents "attached or incorporated into the complaint," as well as documents attached to the defendant's motion, "so

long as they are integral to the complaint and authentic." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also E.I. du Pont de Nemours & Co.*, 637 F.3d at 448. To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

Additionally, facts and documents subject to judicial notice may be considered by a court, without converting the motion under Rule 12(d) to one for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir.), *cert. denied*, ___ U.S. ___, 132 S. Ct. 115 (2011). Therefore, I may take judicial notice of relevant pleadings filed in a State court action. *See Colonial Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Moreover, the deed to the Property is integral to plaintiff's claims. It is a legal instrument whose "'very existence'" has an operative effect on the rights at issue in the suit. *Id.* (citation omitted). Accordingly, it is a proper subject of consideration under Rule 12(b)(6), and there is no dispute as to the authenticity of the copies submitted by defendants.

## Factual Background

On August 23, 1989, Albert S. Karczmarek and Margaret M. Karczmarek (collectively, the "Karczmareks"), conveyed to themselves by deed, as tenants by the entirety, a life estate in the Property. *See* Deed, ECF 12-1. The Deed, recorded in the land records for Baltimore County, granted the Karczmareks

> full power . . . to sell, lease, mortgage and otherwise dispose of . . . or encumber
> the whole and entire estate hereby granted . . . ; it being the intention that *the*

> *powers aforesaid when exercised shall operate not only upon the life estate hereby granted unto [the Karczmareks], but also upon the remainder as hereinafter set forth*, to the end and intent that the grantee or mortgagee under the instrument executed in exercise of the powers herein granted unto [the Karczmareks*] shall obtain the whole and entire estate*, free of any and all right, title, and interest of any of the parties to these presents, or those claiming by, through or under them . . . .

*Id.* (emphasis added).

Further, the Deed provided that, "immediately after the death of [the Karczmareks]," the Property, "*or so much thereof as may be remaining and undisposed of in the exercise of the powers aforesaid*," shall be conveyed to "Marjorie Barilone, her fees and assigns, in fee simple." *Id.* (emphasis added); *see generally Beranek v. Caccimaici*, 157 Md. 144, 145 A. 369, 370 (1929) ("[T]he grantor may at once reserve a life estate in himself with an absolute estate over to others (a) subject to a power reserved in himself to sell, mortgage, or otherwise incumber the fee or term, (b) and thereby defeat the conveyance or grant.").

On or about September 30, 1999, Ms. Karczmarek obtained a reverse mortgage loan on the Property, secured by a deed of trust. Complaint ¶ 7.[3] The deed of trust was subsequently

---

[3] In *Bennett v. Donovan,* 703 F.3d 582, 584–85 (D.C. Cir. 2013), the United States Court of Appeals for the D.C. Circuit explained the concept of a "reverse mortgage":

> A "reverse mortgage" is a form of equity release in which a mortgage lender (typically, a bank) makes payments to a borrower based on the borrower's accumulated equity in his or her home. Unlike a traditional mortgage, in which the borrower receives a lump sum and steadily repays the balance over time, the borrower in a reverse mortgage receives periodic payments (or a lump sum) and need not repay the outstanding loan balance until certain triggering events occur (like the death of the borrower or the sale of the home). Because repayment can usually be deferred until death, reverse mortgages function as a means for elderly homeowners to receive funds based on their home equity.

Bank and FNMA assert that they were not involved in the making of the reverse mortgage loan or the deed of trust.

assigned to FNMA as a holder in due course, and was recorded in the land records of Baltimore County. Bank services the loan.

According to defendants, a reverse mortgage loan comes due at the death of the last surviving borrower. Memo at 3. Therefore, they argue that Ms. Karczmarek's death on August 1, 2007, was an "incidence of default" with respect to the reverse mortgage. *Id.* Defendants claim that on August 2, 2007, Bank served a notice of default and, on or about June 22, 2010, "Substitute Trustees" Jacob Geesing, Carrie M. Ward, and Howard N. Geesing sent a "Notice of Intent to Foreclose" to Ms. Karczmarek (who had already died) and to plaintiff, in accordance with the requirements of Md. Code § 7-105.1 of the Real Property Article ("R.P."). *Id.*

On or about March 9, 2012, the Substitute Trustees initiated a foreclosure action in the Circuit Court for Baltimore County. *See Jacob Geesing, et al. v. Margaret M. Karczmarek*, Case No. 03-C-12-003024 (the "Foreclosure Action"). Plaintiff filed a "Motion to Stay and Dismiss" the foreclosure sale (Doc. No. 10 in the Foreclosure Action), which the Circuit Court denied. *See* Doc. No. 15 in the Foreclosure Action. On December 3, 2012, four days prior to the foreclosure sale, plaintiff filed the instant action in the Circuit Court for Baltimore County, seeking to "quiet title" to the Property.[4] Nonetheless, the Substitute Trustees conducted a foreclosure sale of the Property on December 7, 2012. *See* Report of Sale, Doc. No. 16 in the Foreclosure Action. On January 17, 2013, plaintiff filed an objection to the foreclosure sale in the Circuit Court, *see* Doc. No. 23 in the Foreclosure Action, which was denied. Plaintiff then filed a motion for preliminary injunction in the Circuit Court on July 30, 2013 (Doc. No. 26 in the Foreclosure Action) and the Substitute Trustees filed an opposition on August 21, 2013. *See*

---

[4] As noted, defendants removed the case to this Court.

Doc. No. 26/1 in the Foreclosure Action. The motion remains pending. *See* Doc. No. 26 in the Foreclosure Action. Additionally, a "Motion for Judgment Awarding Possession" was filed on November 7, 2013 (Doc. No. 27 in the Foreclosure Action), and it also remains pending.

In this Court, plaintiff contends that at the time Ms. Karczmarek entered into the reverse mortgage, plaintiff was a "holder of the future interest" in the property, and therefore was "required to execute the deeds at closing" of the reverse mortgage. *Id.* ¶ 9. Yet, she "was never requested to execute any deed(s)" and never did so. *Id.* Therefore, plaintiff contends that, when her mother died in 2007, "title was then fully vested to plaintiff . . . named in the Life Estate as the 'Remainderment.'" *Id.* ¶ 10. As a result, plaintiff challenges the legality of the Foreclosure Action. Complaint ¶ 14.

Plaintiff seeks to quiet title to the Property, to obtain a declaration that she is the sole rightful owner of the Property, and to establish that defendants have no interest to the Property. *See* Complaint at 5.[5] She also seeks injunctive relief to prevent defendants from claiming any

---

[5] Although plaintiff attached to her Surreply a description of the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code (2010 Repl. Vol., 2013 Supp.), §§ 7–401 *et seq.* of the Real Property Article, and claims that Ms. Karczmarek "would never have signed . . . any mortgage had she been informed that" it would extinguish plaintiff's interest in the Property, Surreply at 2, her Complaint does not allege a violation of the MMFPA.

In any event, to state a predatory lending claim under the MMFPA, a plaintiff must plead "facts that would support a 'reasonable inference' that the defendants engaged in abusive lending practices," and "must allege the specific law violated by the defendant's predatory behavior." *Sucklal v. MTGLQ Investors LP,* Civ. No. WDQ–10–1536, 2011 WL 663754 (D. Md. Feb. 14, 2011). Plaintiff's Complaint, liberally construed, does not satisfy this pleading standard. *See generally Wiseman v. First Mariner Bank*, Civ. No. ELH-12-2423, 2013 WL 5375248 (D. Md. Sept. 23, 2013) (discussing the MMFPA and the applicable pleading standards).

right to the Property and imposition of a constructive trust on the Property.[6] *Id.*

Defendants have moved to dismiss the suit on multiple grounds. These include that plaintiff cannot maintain a suit to quiet title to the Property while a foreclosure action against the Property is pending in a Maryland state court. They also rely on principles of abstention.

## Discussion

Defendants rely on R.P. § 14–108(a), which permits a person "in actual peaceable possession of property" to "maintain a suit in equity . . . to quiet or remove any cloud from the title, or determine any adverse claim."[7] However, such a claim may only be brought "if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim . . . ." *Id.*; *see Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (dismissing quiet title claim when foreclosure action was pending in state court); *see also Braxton v. Citibank, N.A.*, Civ. No. AW-11-00742, 2011 WL 4368011 (D. Md. Sept. 15, 2011) ("[A] quiet title action cannot be maintained in Maryland while an underlying foreclosure suit is pending."); *Sucklal*, 2011 WL 663754 ("[A] quiet title claim is barred because [plaintiff] has moved to vacate the foreclosure sale"). Plaintiff does not contest the legal proposition that pursuant to § 14-108(a), this Court may not entertain a quiet title claim with regard to the subject property in an ongoing foreclosure proceeding.

---

[6] It is unclear whether plaintiff actually seeks imposition of a constructive trust over the Property or simply seeks a determination of the validity of defendants' interest in the Property. In the latter case, the claim is duplicative of her requests for injunctive and declaratory relief. To the extent plaintiff seeks a constructive trust, I would abstain from deciding the issue under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), discussed *infra*.

[7] As indicated, jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332. Where an action is based on diversity of citizenship, relevant state law controls. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

At the time plaintiff filed her suit, foreclosure proceedings were pending in the Circuit Court for Baltimore County. *See* Foreclosure Action. Plaintiff does not dispute that foreclosure proceedings against her are pending in the Circuit Court. *See* Complaint ¶ 14 ("A foreclosure has been improperly filed . . . against my property . . . & stands open as of this date."). And, as of the date of this Memorandum Opinion, those proceedings are ongoing. *See* Foreclosure Action. Therefore, R.P. § 14–108(a) prohibits this Court from entertaining plaintiff's claim. *See Haley*, 659 F. Supp. 2d at 721.

Moreover, even if plaintiff's suit were not barred by R.P. § 14-108(a), I would abstain from deciding plaintiff's claims, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. The *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). "'*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action.'" *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)).

All three elements of the *Younger* test are satisfied here. As discussed, foreclosure proceedings are ongoing in the Circuit Court for Baltimore County, satisfying the first element. The second element is satisfied because Maryland has a substantial interest in its property law. *See Harper v. Pub. Serv. Comm'n of W. VA.*, 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law

concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention."); *Fisher v. Fed. Nat. Mortgage Ass'n*, 360 F. Supp. 207, 210 (D. Md. 1973). Finally, plaintiff has not raised any federal constitutional claims—or any federal claims whatsoever—that would implicate the third element of the *Younger* test. In any event, plaintiff has had ample opportunity to raise any such claims in the state court proceedings; she has filed a Motion to Stay (Doc. No. 10 in Foreclosure Action), a Notice of Objection (Doc. No. 23 in Foreclosure Action), and a Motion for Preliminary Injunction (Doc. No. 26 in Foreclosure Action).

Notably, plaintiff has not argued that any exception to *Younger* abstention applies. Moreover, I am unaware of any applicable exceptions. *See generally Fuller v. Bartlett*, 894 F. Supp. 874, 879 (D. Md. 1995) (discussing *Younger* exceptions). Accordingly, I am required by *Younger* to dismiss plaintiff's claims.

### Conclusion

R.P. § 14–108(a) and the *Younger* abstention doctrine prohibit this Court from entertaining plaintiff's claims. Therefore, defendants' Motion to Dismiss (ECF 10) will be granted. An Order follows.


Date: December 31, 2013                    _____/s/_____

                                           Ellen Lipton Hollander
                                           United States District Judge